IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD L. HAWKINS, )
         Petitioner, )
v. ) Case No. CIV-10-1144-W
 )
WARDEN ERIC FRANKLIN, )
         Respondent. )

## REPORT AND RECOMMENDATION

Petitioner has filed a Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. He raises due process challenges to a prison disciplinary conviction which resulted in the revocation of earned credits. Respondent has filed a Response to Writ of Habeas Corpus with Motion to Deny Petition and Brief in Support (Response) [Doc. #8]. Petitioner was given the opportunity to reply to the response, but he has not done so. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

### I. Background and Issues Presented

Petitioner was presented with a copy of a Disciplinary Misconduct Report on July 7, 2009, for the offense of Possession/Manufacture of Contraband. Petition at 1; Response, Exhibit 2 at 1. Petitioner was found guilty after a disciplinary hearing held on July 10, 2009. Petition at 2; Response, Exhibit 2 at 7. The disciplinary hearing officer stated that the evidence upon which he relied for the finding of guilt was the statement of a confidential witness who reported that he had been approached by Petitioner and offered money for the introduction of drugs into the prison compound. The hearing officer also relied on the

statement of reliability from the prison official who took the statement of the confidential witness. *Id.* Additionally, the hearing officer, by his signature, acknowledged that he had "independently reviewed the reliability statement and [] found that it sufficiently supports the reliability of the confidential witness statement." *Id.*

Petitioner challenged his disciplinary conviction by appealing to the warden. Response, Exhibit 3 at 1-3. Petitioner claimed that he was not provided copies of evidence and that no evidence supported his conviction. *Id.* The conviction was affirmed. Response, Exhibit 3 at 4. Petitioner completed the administrative process by appealing the decision of the warden to the Administrative Review Authority. Response, Exhibit 3 at 5-6. The Director's Designee for reviewing appeals affirmed the decision of the warden. Response, Exhibit 3 at 7.

Petitioner next filed an action pursuant to Okla. Stat. tit. 57, § 564.1 (2005) in the District Court of Oklahoma County, State of Oklahoma, seeking review of his disciplinary misconduct conviction.[1] The state district court denied relief. Response, Exhibit 4 at 1-4.

---

[1] Petitioner sought habeas and other alternative extraordinary relief, but the state district court found the only relief available was that set forth in § 564.1. *See* Response, Exhibit 4 at 3. Pursuant to § 564.1(E), the state district court's review is limited to determining whether the petitioner received due process:

> The judicial review as provided in this section shall not be an independent assessment of the credibility of any witness or a weighing of the evidence, and there shall be no right to an error free proceeding or to confront accusers. The only remedy to be provided, if the court finds due process was not provided, is an order to the Department [of Corrections] to provide due process.

Okla. Stat. tit. 57, § 564.1(E).

2

Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed the state district court's decision. Response, Exhibit 6.

Throughout the administrative and judicial processes, Petitioner has maintained that his due process rights were violated because the statement of the confidential witness "does not show sufficient indicia of reliability," and "the disciplinary chairman failed to make an independent determination of informant's reliability rather than accept the reporting officer's and/or investigative officer's conclusions." Petition at 3.

## II.    Standard of Review

Because Petitioner's habeas claims have been adjudicated on the merits in state courts, this Court cannot grant habeas relief unless the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" *See Preble v. Estep*, 190 Fed. Appx. 697, 699, 2006 WL 2212686, at *2 (10th Cir. 2006) ("[B]ecause Preble's claims have already been adjudicated in state court, we could not grant him federal habeas relief unless the state adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .'" (*citing* 28 U.S.C. § 2254(d)) (unpublished op.).

## III. Analysis

A prisoner's due-process rights in a prison disciplinary proceeding are limited. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum requirements of procedural due process in a prison disciplinary proceeding are that the inmate receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *see Wolff*, 418 U.S. at 563-66. There must also be "some evidence in the record" supporting the findings of the prison disciplinary officer or board. *Hill*, 472 U.S. at 454. This is all the process that is required. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("the only process due an inmate is that minimal process guaranteed by the Constitution, as outlined in *Wolff*"); *Piggie v. Cotton*, 342 F.3d 660, 662 (7th Cir. 2003) (only process due prisoner in disciplinary hearing is advance written notice of the charges, opportunity to present evidence to impartial decision-maker, and written explanation for discipline supported by "some evidence"); *Brown v. Rios*, 196 Fed. Appx. 681, 683 (10th Cir. 2006) (unpublished op.) (same).

> Ascertaining whether [the some-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

4

*Hill*, 472 U.S. at 455-56. A prison disciplinary decision can be upheld by a reviewing court "even if the evidence supporting the decision is meager." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (internal quotation marks omitted).

In this case, Petitioner contends that he was not afforded due process because the statement of the confidential witness does not show sufficient indicia of reliability and because the disciplinary hearing officer "failed to make an independent determination of informant's reliability rather than accept the reporting officer's and/or investigative officer's conclusions." Petition at 3. Petitioner relies on *Taylor v. Wallace*, 931 F.2d 698, 702 (10th Cir. 1991) for the proposition that a disciplinary finding cannot be upheld absent indication that the disciplinary committee made an independent finding regarding the reliability of the confidential informant's testimony. *See* Petition at 3. As the state district court found, however, the record demonstrates that the disciplinary hearing officer both considered the statement of reliability of the reporting officer and "clearly indicated by his signature that he 'independently reviewed the reliability statement and [] found that it sufficiently support[ed] the reliability of the confidential witness statement(s).'" Response, Exhibit 4 (Journal Entry of Judgment, Case No. CJ-2009-11846) at 4 (alterations in original). *See also* Response, Exhibit 2 (Disciplinary Hearing Report) at 7. The OCCA affirmed the decision denying relief. Response, Exhibit 6.

Petitioner appears to contend that the hearing officer's independent review, as reflected in the finding, is insufficient. But regardless of the express finding, Petitioner's argument fails for a more fundamental reason. In *Preble v. Estep*, *supra*, the Tenth Circuit

5

Court of Appeals stated that the Supreme Court has never addressed whether a confidential witness's statement constitutes "some evidence" absent additional evidence establishing the reliability of the confidential informant or whether due process requires a disciplinary hearing officer to make an express finding of reliability of the confidential witness's statement. *Preble v. Estep*, 190 Fed. Appx. at 700. Lacking such Supreme Court law, the Tenth Circuit concluded that the petitioner, who raised the same issues raised by Petitioner in the instant case, could not demonstrate that the state court's resolution of his due process claims was contrary to clearly established Supreme Court law. For the same reasons set forth in *Preble v. Estep*, Petitioner cannot show that the state court decision in this case is either contrary to, or an unreasonable application of Supreme Court law. Petitioner's Petition for habeas relief should, therefore, be denied.

## RECOMMENDATION

It is recommended that Respondent's Motion to Deny Petition [Doc. #8] be granted and that Petitioner's Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by March __30th__, 2011. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __9th__ day of March, 2011.

*/s/ Valerie K. Couch*
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE